# William H. Barrett and Charles R. Barrett v. Nicholas V. Boddie.

1. EVICTION—*Smoking Chimney—Landlord and Tenant.*—The chimney smoked badly. The landlord promised to fix it, but neglected to do so. He said the premises were worth more than the tenant was paying, and the tenant replied if the chimney was not fixed he should have to move out. *Held*, not tending to prove an eviction.

**Memorandum.**—Action for rent. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Affirmed in this court. Opinion filed January 10, 1895.

## STATEMENT OF THE CASE.

These were actions in assumpsit brought by Nicholas V. Boddie, appellee, against William H. Barrett and Charles R. Barrett, copartners as Barrett & Barrett, appellants, as guarantors of a certain lease made by appellee to one Nic. Raquet. The lease in question was executed by appellee through Boddie Brothers, as agents, appellee being a non-resident. Two actions were brought against the appellants, one for the rent due prior to November 1, 1893, and the other for the rent for the month of November, 1893.

On the trial, the two actions were consolidated and tried as one cause, a separate verdict in each case, however, being returned by the jury. The record of the two causes are substantially alike, except in the amounts of rent sought to be recovered.

HOLLETT & TINSMAN, attorneys for appellants.

WOOLFOLK & BROWNING, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Upon the trial the tenant testified that he left the premises because the chimney broke down and he could not cook any more.

This testimony being objected to, appellants' counsel went on to say that they would show that it was the purpose of the landlord to evict the tenant; but they offered no such evidence, and conceding as they did, that all that was done, was done by Boddie Bros., through whom the premises were leased, appellant not only failed to show that Boddie Bros. were authorized to do anything toward evicting the tenant but did not offer to show acts of Boddie Bros., that if done by appellee would have amounted to an eviction.

The utmost shown or offered in this direction was that the chimney smoked badly, and that Boddie Bros., appellee's agents, often promised to fix it, but neglected to do so. Also, that there was some talk with Boddie Bros. to the effect that the premises were worth much more than the tenant was paying, and that he told Boddie Bros. that if the chimney was not fixed he should have to move out.

This evidence did not tend to prove an eviction, and was properly excluded from the jury. The plaintiff was fairly entitled to recover, and the judgments of the Circuit Court are affirmed.